**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>MARIA MAGDALENA MARQUEZ DE ZAVALA; et al.,<br><br>          Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent.</td><td>No. 24-1728<br><br>Agency Nos.<br>A220-594-265<br>A220-149-698<br>A220-149-699<br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024[**]

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Maria Magdalena Marquez de Zavala and her minor children, natives and

citizens of El Salvador, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("IJ's") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Petitioners' asylum and withholding of removal claims fail because petitioners do not challenge the BIA's dispositive determination that they waived any challenge to the IJ's finding that they did not show the government of El Salvador is unable or unwilling to control their feared persecutors. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

24-1728

The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**